7 F.3d 223
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WILLIAM B. ECHARD, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF AGRICULTURE Soil Conservation Service;
Jim Wist, Agent, U.S. Department of Agriculture
Soil Conservation Service, Defendants-Appellees,
and Anne Arundel County Department of Inspections & Permits;
Leroy Jonus; Damon Cogar; George Klug; James Thomas; Mike
Evans, Agents; State of Maryland Department of Environment
Sediment And Stormwater Administration; Martin W. Walsh;
H. Earl Shaver; Chris Westergard; Frank Payer, Agents;
Cheval Trails Homeowners; Gary Probsts; Gradon Ripley,
Agents, Defendants.
WILLIAM B. ECHARD, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF AGRICULTURE Soil Conservation Service;
JIM Wist, Agent, U.S. Department of Agriculture
Soil Conservation Service, Defendants-Appellees,
and Anne Arundel County Department of Inspections & Permits;
Leroy Jonus; Damon Cogar; George Klug; James Thomas;
Mike Evans, Agents; State of Maryland Department of
Environment Sediment and Stormwater Administration; Martin
W. Walsh; H. Earl Shaver; Chris Westergard; Frank Payer,
Agents; Cheval Trails Homeowners; Gary Probsts; Gradon
Ripley, Agents, Defendants.
 No. 91-1080.
 No. 93-1011.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993.
Decided: September 23, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. District Judge.
 William B. Echard, Appellant Pro Se.
 Robert Mason Thomas, Jr., Office of the United States Attorney, for Appellees.
 D.Md.
 AFFIRMED
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William Echard appeals from a district court order adopting the magistrate judge's recommendation and dismissing all federal parties from his suit alleging that various state, county, and federal officials committed tortious actions against him when inspecting his property pursuant to citizen complaints about the manner in which the property was used. Echard also appeals from the district court's later order denying his request for the preparation of transcripts at government expense. We dismiss Echard's first appeal for lack of jurisdiction.
 
 
 2
 The district court issued its order on the merits on April 2, 1991, which Echard appealed to this Court on April 8, 1991. Subsequently, however, Echard filed in the district court a motion to alter or amend the court's April order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The filing of this motion nullified Echard's notice of appeal in this Court, divesting this Court of jurisdiction. See Fed. R. App. P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). Echard never filed another notice of appeal from the district court's subsequent order, issued on May 14, 1992, denying his Rule 59 motion. Upon the expiration of the filing period, which was sixty days after the district court denied the motion, further action on Echard's case was barred by the doctrine of res judicata. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99, n.4 (1981); Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 647 (7th Cir. 1986).
 
 
 3
 Although the district court later acted on Echard's motion for preparation of transcripts at government expense on the belief that a valid appeal was pending before this Court, Echard at that time in fact had lost all rights to further review of his claims under the doctrine of res judicata. The district court's order denying the motion for preparation of transcripts is therefore affirmed.
 
 
 4
 In view of our disposition of this case, we find that all motions filed by Echard, as well as the government's motion to dismiss the appeal for failure to prosecute, are moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED